UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23 CR 110 SNLJ (ACL) |
| | ) |
| TONY D. ELLIS, JR., | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This matter is pending before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Indictment pending against Defendant Tony D. Ellis, Jr., charges Ellis with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Doc. 2.

Ellis filed a Motion to Dismiss (Doc. 28) the Indictment claiming that "§ 922(g) violates [his] rights under the Second Amendment." *Id*. at 1. He presents four points in support of his request for dismissal, as follows:

*First*, Mr. Ellis, an American citizen and part [of] the national and political community, is a member of "the people" that the Second Amendment protects.

*Second*, the Second Amendment unequivocally protects the conduct § 922(g) prohibits: possessing a firearm.

*Third*, because the Second Amendment's plain text covers [him] and his alleged conduct, § 922(g) is presumptively unconstitutional"; and

*Fourth*, the government cannot rebut that presumption… Forever, depriving Mr. Ellis his right to bear arms based on prior drug offenses is inconsistent with this

country's tradition of firearm regulation…

*Id*. at 1-2.

Ellis further acknowledges that prior Eighth Circuit precedent "foreclosed his argument in *U.S. v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023), *reh'g denied*, No. 22-2870, 2023 WL 5605618 (8th Cir. Aug. 30, 2023)." *Id*. at 2.  That said, Ellis argues that *Jackson* was wrongly decided and is "irreconcilable with the Third Circuit's decision in *Range v. Att'y Gen*., 69 F.4th 96 (3d Cir. 2023), cert. pet. Docketed, No. 23-374 (U.S. Oct. 10, 2023)." *Id*.  Although Ellis knows that "this Court cannot fix *Jackson's* mistakes," he clarifies that the instant Motion was filed to "preserv[e] this claim for when the Supreme Court inevitably takes up this issue." *Id*. at 9.

The Government argues that *Jackson* and *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023), require dismissal of the Motion.  (Doc. 30.)  In *Jackson*, the Eighth Circuit concluded:

> the district court was correct that § 922(g)(1) is not unconstitutional as applied to Jackson based on his particular felony convictions. The Supreme Court has said that nothing in *District of Columbia v. Heller*, which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626; *see McDonald v. City of Chicago*, (plurality opinion). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," did not disturb those statements or cast doubt on the prohibitions. *See id.* at 2157 (Alito, J., concurring); *id*. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).

 69 F.4th at 501-02 (Internal citations omitted).

As noted by the Government, Cunningham also was a convicted felon charged with possessing a firearm. Cunningham claimed that the Second Amendment guaranteed his right to possess a firearm, because neither of his two prior felony convictions were for violent felonies. In affirming the district court's denial of his motion to dismiss, the Eighth Circuit referenced its recent decision in *Jackson*.

> This contention is foreclosed by *United States v. Jackson*,…where we concluded that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant. The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss. *See District of Columbia v. Heller*; *McDonald v. City of Chicago*; *N.Y. State Rifle & Pistol Ass'n v. Bruen*, ––– U.S. –––, 142 S. Ct. 2111, 2156 (2022); *id*. at 2157 (Alito, J., concurring); *id*. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id*. at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.).

*Cunningham*, 70 F.4th at 506. *See also United States v. Dunn*, 76 F.4th 1062, 1068 (8th Cir. 2023).

As stated above, Ellis wishes to preserve this issue for appeal as he expects the Supreme Court to step in and fix the inconsistent rulings in *Jackson* and *Range*. Because this Court is bound by prevailing law the undersigned must recommend that Ellis' Motion to Dismiss be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Dismiss (Doc. 28) be **denied**.

Further, the parties are advised that they have until February 1, 2024, to file written objections to this Report and Recommendation, unless an extension of time for good cause is

obtained. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

                            /s/ *Abbie Crites-Leoni*
                            ABBIE CRITES-LEONI
                            UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2024.