**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:23 CR 110 SNLJ** |
| | ) | |
| **TONY D. ELLIS, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GUILTY-PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1.  **PARTIES:**

The parties are the defendant Tony D. Ellis, Jr., represented by defense counsel Leslie Hazel, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.   This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

2.  **GUILTY PLEA:**

A.   **The Plea:**   Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to the offense charged in the Indictment, being Felon in Possession of a Firearm, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

**B.     The Sentence:**     The Government will recommend that Defendant Ellis be sentenced to a term of 12 months and one day imprisonment.     Defendant Ellis is free to recommend a lower sentence, including a sentence below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

The defendant also agrees, pursuant to the guilty plea to the offense charged in the Indictment, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to: a Marlin, .22 caliber semi-automatic rifle, seized by investigating officers.

**3.     ELEMENTS:**

As to offense charged in the Indictment, Felon in Possession of a Firearm, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

> **(i)**     The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;
>
> **(ii)**     The Defendant, thereafter, knowingly possessed a firearm;
>
> **(iii)**     At the time the defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and
>
> **(iv)**     The firearm was transported across a state line at some point during or before the

Defendant's possession of it.

4.   **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

**A.     Status as a Felon**

Prior to June 15, 2023, defendant Ellis had been convicted, and he knew he had been convicted of several felony offenses, including the following described felony offenses, as referenced in the Indictment, punishable by a term of imprisonment exceeding one year:

> On March 3, 2021, Ellis was convicted in the Circuit Court of Stoddard County, Missouri, in Case Number 21SD-CR00056-01, of Possession of Methamphetamine, a Class D Felony, for which he received a sentence of seven years imprisonment, suspended execution of sentence and five years probation.

> On March 3, 2021, Ellis was convicted in the Circuit Court of Stoddard County, Missouri, in Case Number 20SD-CR01067-01, of Possession of Methamphetamine, a Class D Felony, for which he received a sentence of seven years imprisonment, suspended execution of sentence and five years probation.

**B.     Felon in Possession of a Firearm**

On June 15, 2023, Stoddard County Deputies and Deputy United States Marshals executed a felony arrest warrant for James Russell issued by the Circuit Court of Stoddard County, Missouri.   The warrant was for Russell's residence located at 17826 State Highway K, Advance, Stoddard County, in the Eastern District of Missouri

Stoddard County Deputy Darren Dixon received reliable information that James Russell was living with Defendant Tony Ellis at the residence located in Stoddard County.

Ellis was on state probation at the time.    Deputy Dixon contacted Ellis' Missouri Probation and Parole Officer in Dexter, Missouri.    She advised that one of Ellis' conditions of probation was, at the request of any law enforcement officer, to consent to a search of his residence and or vehicles.

Stoddard County Deputies and the Deputy U.S. Marshals converged on the residence and announced their presence. James Russell surrendered with no complications.    Russell was placed into hand restraints and then into a patrol vehicle.    Defendant Ellis was also at the residence.    Defendant Ellis was read his rights pursuant to *Miranda,* and Ellis stated he understood his rights and wished to make a statement.    Defendant Ellis gave verbal permission to the officers to search his residence.    During the search, deputies located a loaded Marlin .22 caliber rifle, bearing serial # 92424321 in Ellis' bedroom on the top bunk.    During an interview with law enforcement officers, Ellis admitted to the officers that the rifle belonged to him.    A check of his firearm status revealed Ellis was disqualified from possessing a firearm.

### C.    Interstate Nexus

The loaded Marlin .22 caliber rifle, bearing serial # 92424321, Ellis knowingly possessed in his bedroom, was manufactured in the State of Connecticut.    Therefore, the firearm traveled in and affected interstate commerce prior to its discovery in Missouri. The aforementioned rifle can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.    At the time Ellis knowingly possessed the aforementioned Marlin rifle on June 15, 2023, he knew he had been convicted of crimes punishable by a term of imprisonment exceeding one year.

5.    **STATUTORY PENALTIES:**

The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than fifteen years, a fine of not more than $250,000, or both such imprisonment and fine.   The Court also may impose a period of supervised release of not more than three years.

In certain situations under Title 18, United States Code, Section 924(e) (Armed Career Criminal), Defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years.   The Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence.   However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

6.    **U.S. SENTENCING GUIDELINES (2023 MANUAL)**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.   The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.    **Chapter 2 Offense Conduct:**

i.    **Base Offense Level:**  The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's

criminal history and the characteristics of the firearm.   The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

  **ii.**  **Specific Offense Characteristics:**  The parties have agreed that no Specific Offense Characteristics apply.

  **B.**  **Chapter 3 Adjustments:**

  **i.**  **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

  The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.   The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.   In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

    **i.**  **Other Chapter 3 Adjustments:**  The parties have agreed that no other Chapter 3 adjustments apply.

    **C.**  <u>**Estimated Total Offense Level:**</u>  The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless Defendant is an Armed Career Criminal.   Depending on the underlying offense and Defendant's criminal history, Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4.   If the Court finds Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI.   Defendant has discussed these possibilities with defense counsel.   Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal.

    **D.**  <u>**Criminal History:**</u>  The determination of the Defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category.   The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

    **E.**  <u>**Effect of Parties' U.S. Sentencing Guidelines Analysis:**</u> The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.    The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**  <u>**WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**</u>

A.   **Appeal:**   The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i.   **Non-Sentencing Issues:**   Under this agreement, the defendant will be permitted to appeal the denial of his previously filed "Motion to Dismiss Indictment," Doc. # 28.  The issues the defendant may raise on appeal are limited to the issues raised in this motion.  The parties waive the right to appeal all other non-jurisdictional, non-sentencing issues. including, but not limited to, any other issues relating to pretrial motions, discovery and the guilty plea.

ii.   **Sentencing Issues:**   In the event the Court accepts the plea, and after determining the Total Offense Level, sentences the defendant within or below that corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category.  Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and, after determining the Total Offense Level, sentences the defendant within or above that corresponding range.

B.   **Habeas Corpus:**   The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

C.   **Right to Records:**   The Defendant waives all rights, whether asserted directly or

by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.  **OTHER:**

    A.  **Disclosures Required by the United States Probation Office:**   The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

    B.  **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

    C.  **Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed.   These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The Defendant understands that parole has been abolished.

    D.  **Mandatory Special Assessment:**   This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special

assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of

sentencing.   Money paid by the Defendant toward any restitution or fine imposed by the Court

shall be first used to pay any unpaid mandatory special assessment.

**E.** **Possibility of Detention:**   The Defendant may be subject to immediate detention

pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.** **Fines and Costs of Incarceration and Supervision:**   The Court may impose a

fine, costs of incarceration, and costs of supervision.   The Defendant agrees that any fine imposed

by the Court will be due and payable immediately.

**G.** **Forfeiture:**   The defendant knowingly and voluntarily waives any right, title,

and interest in all items seized by law enforcement officials during the course of their

investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting

of title of such items in the United States.   The defendant agrees to abandon his interest in all

seized items and further agrees that said items may be disposed of or destroyed by law

enforcement officials in any manner without further notice.   By abandoning these items, the

defendant waives any future rights to receive additional notice, a valuation of the items, or the

opportunity to submit a claim to contest the disposition or destruction of the items that may exist

under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of

certain assets pursuant to the applicable forfeiture authorities.   Defendant specifically agrees to

the forfeiture of the following: a loaded Marlin .22 caliber rifle and all ammunition seized by

investigating officers. The defendant agrees the Court may enter a consent preliminary order of

forfeiture any time before sentencing, and such Order will become final as to the defendant when

it is issued and will be part of the sentence.   The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners.   The defendant knowingly and intelligently waives all constitutional, statutory and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

**9.**      **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.    The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.   The Defendant's counsel has explained these rights and the consequences of the

waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful

information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its

option, may be released from its obligations under this agreement.   The United States may also,

in its discretion, proceed with this agreement and may advocate for any sentencing position

supported by the facts, including but not limited to obstruction of justice and denial of acceptance

of responsibility.

**12.**   **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant

understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the United

States agrees to dismiss or not to bring.

26 February 2024
Date

PAUL W. HAHN
Assistant United States Attorney

2/29/24
Date

TONY D. ELLIS, JR.
Defendant

2/29/24
Date

LESLIE HAZEL
Attorney for Defendant